NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.,

No. 24-3957

D.C. No.
2:23-cv-09693-JLS-AJR

Plaintiff - Appellant,

MEMORANDUM*

v.

BNSF RAILWAY COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted June 6, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Under a through bill of lading with both ocean and rail legs, MSC

Mediterranean Shipping Company S.A. (MSC) transported cargo for a third party

from the Port of Zhongshan in China to Kansas City via the Port of Los Angeles.

MSC subcontracted with BNSF Railway Company (BNSF) to perform the rail leg

from Los Angeles to Kansas City. After MSC settled a claim for cargo loss or

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

damage with the cargo owner's insurer, it made a written demand for indemnification to BNSF. Then, more than nine months after BNSF rejected the demand, MSC brought this action asserting equitable indemnification and contribution claims against BNSF. The district court dismissed the claims as untimely. We affirm.

The district court had jurisdiction under 28 U.S.C. § 1333 because the claims relate to MSC's liability under its bill of lading. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 18–19 (2004) (explaining that a bill of lading is a maritime contract); *id.* at 22–23 (confirming that admiralty and maritime jurisdiction extends to maritime contracts). We have jurisdiction under 28 U.S.C. § 1291.

BNSF's Intermodal Rules and Policies Guide (Intermodal Rules) govern. The Intermodal Rules limit BNSF's liability on "claim[s] for recovery of amounts sought in connection with loss or damage to the cargo" and require that MSC first file a written claim with BNSF and then "file all loss or damage suits against BNSF within nine (9) months from the date BNSF declines the claim on which the suit is based." Because MSC did not bring this action within nine months of BNSF's denial of its written claim, the district court found it untimely.

The Intermodal Rules do not contain an express indemnification provision, so MSC contends that its claims for equitable indemnification and contribution are not subject to the contractual time limits. Instead, MSC says, its claims are subject

2                                                                                      24-3957

only to the equitable doctrine of laches, which borrows the statute of limitations from state law. *See Hercules, Inc. v. Stevens Shipping Co., Inc.*, 698 F.2d 726, 733 (5th Cir. 1983) (en banc) (explaining that the limitations period for maritime claims is "generally determined by the equitable doctrine of laches").

That argument, however, is foreclosed by the plain language of the contract, which covers all claims "in connection with loss or damage to the cargo." As MSC correctly points out, not all indemnification claims are related to cargo loss or damage. *See, e.g.*, *States S.S. Co. v. American Smelting & Refin. Co.*, 339 F.2d 66, 69 (9th Cir. 1964) (indemnification claim for vessel salvage services was not related to cargo loss or damage); *Hercules*, 698 F.2d at 735 (indemnification claim for damage to a barge was not subject to contractual limitation period for cargo loss or damage). But MSC's complaint alleged that "BNSF failed to make delivery of the Cargo in . . . good order and condition" and that "the damage sustained . . . was due solely to the acts, omissions, fault, negligence, misconduct[,] or other actionable activity of BNSF."

Because MSC's claims are based on the assertion that BNSF was liable for cargo loss or damage, it does not matter whether MSC's specific causes of action are equitable or contractual. While the existence of a contract does not necessarily preclude equitable claims, *see All Alaskan Seafoods, Inc. v. M/V Sea Producer*, 882 F.2d 425, 430 (9th Cir. 1989), the contract here requires that any claim "in

connection with loss or damage to the cargo" be brought according to the procedures and timeline to which MSC agreed in the Intermodal Rules. Under the Intermodal Rules, MSC's claims are time barred because it did not bring this action within nine months of BNSF's denial of its written demand.

**AFFIRMED.**